IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ROBERT THOMAS IRVIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:19-CV-00838 |
| | ) | |
| THE FORT SILL NATIONAL BANK, | ) | JUDGE CAMPBELL |
| | ) | MAGISTRATE JUDGE |
| Defendant. | ) | NEWBERN |

## MEMORANDUM

Plaintiff Robert Thomas Irvin, a resident of Clarksville, Tennessee, filed this pro se, in forma pauperis action under 42 U.S.C. § 1983 and Tennessee state law against The Fort Sill National Bank. (Doc. No. 1).

### I. REQUIRED SCREENING OF THE IN FORMA PAUPERIS COMPLAINT

Under 28 U.S.C. § 1915(e)(2)(B), a court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Because Plaintiff is proceeding in forma pauperis in this case, the Court must screen the complaint pursuant to 28 U.S.C. § 1915(e)(2).

The Court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110

(6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II. ALLEGED FACTS

The complaint alleges that Plaintiff was a customer of The Fort Sill National Bank in Clarksville, Tennessee, for approximately ten years. According to the complaint, Plaintiff's Social Security check and a disability check are always deposited in The Fort Sill National Bank but, on April 18, 2019, the bank's supervisor threatened to close Plaintiff's checking account due to an overdraft. Plaintiff's account subsequently was closed, and "his life style was put in danger . . . ." (Doc. No. 1 at 2). Plaintiff had "to explain to his creditors why he . . . was unable to pay his bills." (*Id*. at 6). The complaint also alleges that Plaintiff was in the habit of making monthly withdrawals from the bank in the form of gold dollar coins and that the bank made this process very difficult for Plaintiff. Plaintiff "has always had troubling types of experiences" with the bank's manager, Mr. Short. (*Id*.) Plaintiff asked to see the bank's security tapes and was denied access to which he believes he is entitled.

## III. ANALYSIS

The complaint alleges that the bank is liable under Section 1983 for violating Plaintiff's rights. (Doc. No. 1 at 7). Section 1983 requires that the party causing the deprivation of civil rights be acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. Thus, to successfully plead a Section 1983 claim, a plaintiff must allege (1) the deprivation of a right secured by the Constitution or laws of the United States and (2) the deprivation was caused by a person acting under color of state law. *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003). "A plaintiff may not proceed under § 1983

against a private party 'no matter how discriminatory or wrongful' the party's conduct." *Id.* (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)).

Here, Plaintiff brings Section 1983 claims against a private party. The Supreme Court has set forth three tests to determine whether conduct may be fairly attributable to the state in order to hold a private party liable under Section 1983. These tests are (1) the public function test; (2) the state compulsion test; and (3) the nexus test. *See Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992). The public function test requires that the private actor exercise powers which are traditionally reserved exclusively to the state. *Id.* The state compulsion test requires proof that the state significantly encouraged or somehow coerced the private party, either overtly or covertly, to take a particular action so that the choice is really that of the state. *Id.* Finally, the nexus test requires a sufficiently close relationship (*i.e.*, through state regulation or contract) between the state and the private party so that the action taken may be attributed to the state. *Id.*

Plaintiff cannot establish that The Fort Sill National Bank is a state actor under the public function test. The public function test requires that the private actor exercise powers which are traditionally reserved exclusively to the state, such as holding elections or exercising eminent domain. *See id.* Here, Plaintiff has not provided any facts explaining how a private bank was exercising a power traditionally reserved to the state. Therefore, Defendant is not a state actor under the public function test.

Nor can Plaintiff establish that Defendant is a state actor under the state compulsion test. The state compulsion test requires that a state exercise such coercive power or provide such significant encouragement, either overt or covert, that in law the acts of a private citizen are deemed to be that of the state. *See Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982). Plaintiff has provided no facts suggesting that the state encouraged or coerced the bank into action.

3

Finally, Plaintiff cannot establish that Defendant is a state actor under the symbiotic relationship or nexus test. The acts of a private citizen constitute state action when there is a sufficiently close nexus between the state and the challenged action so that the action of the private citizen may be fairly treated as that of the state itself. *See Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974). A plaintiff must show that the state is intimately involved in the challenged private conduct in order for that conduct to be attributed to the state for the purposes of Section 1983. The complaint fails to state any facts to support a relationship between Defendant and the state that led to any constitutional deprivation. Nor does the complaint allege that a close relationship existed between the state and the bank sufficient to attribute the bank's conduct to the state.

The Court therefore concludes that Defendant's actions were not taken "under color of state law." Consequently, Plaintiff's Section 1983 claim fails to state a claim upon which relief may be granted and must be dismissed. *See Glenn-Lopez v. Mangrum*, No. 2:17-cv-02147-STA-cgc, 2019 WL 2537661, at *9 (W.D. Tenn. Jan. 31, 2019) (dismissing pro se plaintiff's Section 1983 claims against bank because plaintiff failed to allege any basis for the court to conclude that bank's private conduct was fairly attributable to the state); *Hayes v. Shelby County Trustee*, 971 F. Supp.2d 717, 733 (W.D. Tenn. 2013) (adopting the report and recommendation of the Magistrate Judge to dismiss Section 1983 claims against two banks and a furniture company because there were "no factual allegations whatsoever in the complaint that reasonably suggested that these defendants engaged in conduct that could be construed as 'state action.'").

The complaint also alleges state law claims of defamation against Defendant. 28 U.S.C. § 1367(a) provides that:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . .

The district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it ha[d] original jurisdiction . . . ." *Id.* at § (c)(3).

Having dismissed Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction to hear any state law claims set forth in the complaint. As such, Plaintiff's state law defamation claims will be dismissed without prejudice to be filed, if Plaintiff so chooses, in a Tennessee state court.

## IV. CONCLUSION

For the reasons explained above, the Court finds that the complaint fails to state Section 1983 claims upon which relief can be granted against The Fort Sill National Bank. Those claims will be dismissed.

The Court declines to exercise supplemental jurisdiction over any state law claims asserted in the pro se complaint. These claims will be dismissed without prejudice to Plaintiff's ability to pursue any remedies available to him in state court.

An appropriate Order will be entered.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

5